IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case Nos. 3:07 CR 620 |
| | 3:07 CR 621 |
| Plaintiff, | |
| | ORDER DENYING GOVERNMENT'S |
| -vs- | MOTION FOR JOINT TRIAL |
| Paul Neumann | JUDGE JACK ZOUHARY |
| and | |
| Timothy D. Neumann, | |
| Defendants. | |

The Government filed a Motion for Joint Trial of Defendants Paul Neumann and Timothy Neumann pursuant to Federal Criminal Rule 13 (3:07 CR 620 Doc. No. 18; 3:07 CR 621 Doc. No. 15). Defendants filed individual oppositions (3:07 CR 620 Doc. No. 20; 3:07 CR 621 Doc. No. 16) and the Government replied (3:07 CR 620 Doc. No. 21; 3:07 CR 621 Doc. No. 17). A hearing was held on April 28, 2008.

Federal Criminal Rule 13 states that "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment." Federal Criminal Rule 8(b) permits joinder of multiple defendants in an indictment "only if each of the Counts in the indictment arises out of the same act or transaction, or series of acts or transactions." *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982). "A group of acts or transactions constitute[] a 'series' if they are logically interrelated." *United States v. Johnson*, 763 F.2d 773, 776 (6th Cir. 1985). Furthermore, "[a] group of acts or

transactions is logically interrelated, for instance, if the acts or transactions are part of a common scheme or plan." *Id.*

Here, Defendants Paul and Timothy Neumann allegedly filed false affidavits in companion cases involving medical fraud (Case Nos. 3:05-CR-777 and 3:05-CR-778) in an attempt to withdraw their respective guilty pleas. These pleas were supported by binding agreements which were dependent on each Defendant agreeing to the terms. The affidavits were filed within months of each other, May 26, 2006 and November 1, 2006, and contained very similar paragraphs which are at the heart of this perjury case.

However, "[t]he fact that separate but similar allegations are made does not establish that they were in engaged in the 'same series of acts.'" *United States v. Charnay*, 211 F. Supp. 904, 906 (S.D.N.Y. 1962). Perjury generally is "strictly a personal offense" for which two parties cannot be joined in one indictment. *See* Joyce, *Indictments*, § 585 (2d ed. 1924). Although courts have joined defendants in perjury cases, those instances involved "a common scheme or plan" which links the conduct of the defendants, making it one transaction. *See, e.g., United States v. Jones*, 374 F.2d 414, 418 (2d Cir. 1967) (joining of defendants charged with perjury proper when each filed a false affidavit to support a motion for a new trial, creating a common scheme), *rev'd on other grounds, Jones v. United States*, 392 U.S. 299 (1968).

Whether to try these two Defendants together is a close call. While the purpose of the allegedly false affidavits was for each Defendant to individually withdraw his guilty plea, the Government argues that Defendants' conduct is "logically interrelated" and part of a "common scheme or plan." Indeed, a joint hearing was held to consider the withdrawal of their pleas. However, similar fact scenarios alone do not create a "series of acts" under Federal Criminal Rule 8(b). Each

2

Defendant filed an individual affidavit in his own specific case. The language of the two affidavits are not identical, and Defendants offer slightly different explanations for the meaning of the paragraphs at issue. While jury instructions could help minimize juror confusion over any differing issues between the two Defendants at trial, and thereby reduce the likelihood of error, the prudent course in a close call case like this one is to have Defendants tried separately.

For these reasons, the Government's Motion for Joint Trial under Federal Criminal Rule 13 is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 16, 2008